IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., <br>     Plaintiff, <br><br> v. <br><br> DELL, INC. AND INTEL CORP., <br>     Defendants. | CIVIL ACTION NO. 2-04-CV-120 (TJW) |

**MEMORANDUM OPINION AND ORDER**

Defendants Intel and Dell moved for a stay of the present litigation pending the results of *inter partes* reexamination before the UPSTO of certain patents-in-suit. For reasons more fully described below, the Court denies Defendants request for a stay of the litigation.

**I.   Introduction**

This present dispute was filed on March 26, 2004 wherein MicroUnity asserted eight patents against Dell and Intel. On November 9, 2004, this Court entered its Scheduling Order setting the trial date for November 7, 2005.

Defendants filed, on April 15, 2005, a request for *inter partes* reexamination with the USPTO for one of the eight patents-in-suit. Not long thereafter, Defendants filed additional requests for reexamination (both *inter partes* and *ex parte*) for the remaining seven patents-in-suit. As of July 22, 2005, the USPTO had agreed to reexamine six of the eight patents-in-suit.

**II.   This Court has the Power to Grant a Stay.**

This Court has broad discretionary powers that include the power to stay proceedings. *See, e.g., Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In determining whether to

grant a stay, courts generally consider: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471 (S.D.N.Y., Aug. 10, 2000); *see also Gioello Enters. Ltd. v. Mattel, Inc.*, 2001 WL 125340, *1 (D. Del., Jan. 29, 2001).

Plaintiff has asserted that Section 318 of the Patent Act limits this Court's ability to grant a stay in these proceedings, essentially arguing that Section 318 provides that *only* a plaintiff may request a stay pending *inter partes* reexamination. The Court disagrees with Plaintiff's interpretation of the Patent Act.

35 U.S.C. § 318 does not limit or otherwise change this Court's ability to grant a stay requested by a defendant. Instead, 35 U.S.C. § 318 provides that a patent owner has a lower standard to meet in order to obtain a stay pending *inter partes* reexamination than would a defendant. Rather than requiring that the patent owner establish the factors set out above for granting a stay, Section 318 of the Patent Act provides that a plaintiff is **entitled** to a stay pending *inter partes* reexamination "unless the court before which such litigation is pending determines that a stay would not serve the interests of justice." *See* 35 U.S.C. § 318. Thus, Section 318 of the Patent Act does not absolve or otherwise change this Court's discretionary powers to grant a stay to a defendant, but instead provides a patent owner with a greater ability to obtain a stay if one is requested.[1] Thus, when requested by a defendant, this Court's analysis of whether to grant a stay pending *inter partes*

---

[1] Under this construction of the statute, if a true question of invalidity arises, Section 318 would provide a patent owner the ability to obtain a stay to try and amend its claims rather than face the option of having a jury decide whether certain claims are, or are not, valid, without an opportunity to amend. In short, Section 318 provides an outlet whereby a patent owner has the opportunity to try and save an otherwise invalid patent.

reexamination is treated similarly to a request for a stay based on an *ex parte* reexam.

### III.  Analysis Regarding Whether to Grant the Stay.

As shown above, the request for a stay in this case will be treated similarly to that of a request for a stay pending *ex parte* reexam. This Court will therefore examine various factors to determine whether it should exercise its discretionary powers in this case.

Overall, the Court believes that the factors weigh against granting a stay in this case. First, the parties are well into the discovery process and trial is less than three months away. Intel and Dell have combined to produce approximately 3,000,000 pages of documents (and more than 10,000,000 pages of code) and MicroUnity has produced an additional 400,000 pages of documents. All three parties have responded to written discovery and have taken numerous depositions.

At the time the issue was raised, the parties had filed claim construction briefs, produced technology tutorials, deposed claim construction experts, and completed discovery related to claim construction. In short, while there is certainly some discovery issues outstanding and the parties may still assert dispositive motions, this case is in an advanced stage of discovery.

Second, Defendants did not file the first request for *inter partes* reexamination until April 15, 2005 - or more than one year after this case was filed. Defendants assert that their failure to file the reexam earlier was because they had not yet received MicroUnity's claim construction positions. The Court finds this argument unpersuasive.

While Defendants were not in possession of MicroUnity's claim construction brief until April 11, 2005, Defendants were in possession of MicroUnity's infringement contentions as early as December of 2004. Even more importantly, Defendants completed and served their invalidity contentions in January of 2005. This Court believes that infringement and invalidity contentions put

a defendant on notice as to the general scope (albeit not specific definitions) of plaintiff's claim construction positions that would provide a reasonable basis for filing a request for *inter partes* reexamination. If Defendants had filed requests for reexamination in January or early February of 2005, this Court's decision might be different as this would have rebutted any suggestion of delay and would have raised the stay issue before large amounts of discovery and a *Markman* hearing had been imminent. Instead, Defendants waited until mid-April to file their first request for reexam and did not complete all of their requests as to all of the patents-in-suit until June of 2005.[2]

Finally, the Court is persuaded that a stay pending reexamination would unduly prejudice MicroUnity. Due to the inherent delay in reexamination proceedings, the opportunities for numerous appeals, and the apparent conflict between the parties, it appears likely that if a stay were granted, it could take more than four to five years before this case would be back before this Court.

The volume of discovery produced in this case, the advanced stage of the proceedings, the timing of Defendants' requests, and the inherent lengthy delay associated with reexaminations provide ample basis for denying Defendants' request.[3]

---

[2] Moreover, the Court notes that as of July 22, 2005, there are still two patents-in-suit that the USPTO has not yet agreed to reexam.

[3] The Court is mindful that based on the early Office Actions issued by the USPTO in the reexams, it is possible that some claims will eventually have different language than what is set out in the claims as they exist today. The possibility of new or different claims could result in additional litigation between the parties. This factor, while certainly weighing in favor of granting the stay, does not provide a strong enough basis for this Court to exercise its discretionary powers to grant the stay.

SIGNED this 15th day of August, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE