IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2-04CV120-TJW |
| V. | ) ) | |
| DELL, INC. AND INTEL CORPORATION, | ) ) | |
| Defendants. | ) | |

**INTEL AND DELL'S MOTION FOR LEAVE TO SERVE FINAL INVALIDITY CONTENTIONS PURSUANT TO LOCAL PATENT RULE 3-6(b) OR 3-7**

**I.**

**INTRODUCTION**

Intel Corporation and Dell, Inc. (collectively, "Intel/Dell") seek leave to serve Final Invalidity Contentions in preparation for trial based on prior art whose relevance was first made clear during the depositions of MicroUnity's employees in July and August 2005. Intel/Dell informed MicroUnity of their intention to serve supplemental invalidity contentions, and of the substances of those amended contentions by July 25, 2005. MicroUnity has stated that it intends to object to those amended contentions, at least in part. MicroUnity's objections are without merit. First, MicroUnity has informed Intel/Dell that it intends to serve Final Infringement Contentions pursuant to Local Patent Rule 3-6(a), and, just today, began that process.[1] Thus, pursuant to Local Patent Rule 3-6(b), Intel/Dell are entitled to serve Final

---

[1] Today, MicroUnity served upon Intel/Dell its Final Infringement Contentions for the Pentium III and the Pentium M processors. Notably, MicroUnity has not yet submitted amended infringement claims charts for the Pentium 4, but has stated that it intends to do so. See Exhibit A [September 6, 2005 Email from Hoek to Healey].

Invalidity Contentions. Second, supplementation of Intel/Dell's Preliminary Invalidity Contentions is appropriate pursuant to Local Patent Rule 3-7, which allows a party to seek leave to amend upon a showing of good cause. As discussed below, good cause is established by, among other factors, the recent depositions of MicroUnity witnesses that showed for the first time that modification of Intel/Dell's invalidity contentions were of critical importance.

Because opening expert reports on liability issues are due to be exchanged on September 12 with responsive reports due on October 3, and trial is scheduled to commence on November 7, the time has come to resolve this issue. Because MicroUnity has served Final Infringement Contentions, Intel/Dell are entitled to serve Final Invalidity Contentions by operation of this Court's Local Patent Rules, and Intel/Dell seek an order from this Court overruling MicroUnity's objection so that expert discovery and trial preparation can proceed in an orderly fashion.

## II.

## FACTUAL BACKGROUND

MicroUnity served its Preliminary Infringement Contentions pursuant to Local Patent Rule 3-1 on November 24, 2004, alleging infringement of 88 claims of the seven Media Processor Patents-in-suit by four Intel microprocessor products (Pentium III, Pentium 4, Pentium M, and Itanium 2) and six claims of the '096 Patent-in-Suit by at least eight Intel chipset products.[2] MicroUnity served supplemental infringement contentions adding six claims of the '482 Patent on December 8, 2004.[3] Counting their attached claim charts, MicroUnity's

---

[2] MicroUnity's Preliminary Infringement Contentions also accused all Dell products using the accused Intel processors and chipsets of infringement.

[3] While such supplementation required leave of Court pursuant to Patent Local Rule 3-7. MicroUnity did not seek leave of Court but Intel/Dell did not object to MicroUnity's supplementation.

Preliminary Infringement Contentions were over 500 pages long.  Intel/Dell served its Preliminary Invalidity Contentions on January 12, 2005.  Due to the number of claims asserted by MicroUnity and the crowded art relating to MicroUnity's claims, Intel/Dell's Preliminary Invalidity Contentions run 224 pages in length.

MicroUnity served its first set of interrogatories on February 18, 2005, more than one month after Intel/Dell served its Preliminary Invalidity Contentions.  <u>See</u> Exhibit **B** [MicroUnity's First Set of Interrogatories to Defendants].  Interrogatory No. 1 asked Intel/Dell to set forth its anticipation and obviousness invalidity contentions.[4]  Interrogatory No. 2 asked Intel/Dell to set forth its invalidity contentions pursuant to 35 U.S.C. section 112.[5]  Definition 14 of these interrogatories defined "Prior Art" and "Prior Art System(s)" as references and systems that Intel/Dell have identified **or will identify in the future** in its initial invalidity contentions **or in its final invalidity contentions pursuant to Local Patent Rule 3-6**:

---

[4] Specifically, Interrogatory No. 1 asked:

> To the extent Defendants contend that any asserted claim of a Patent-in-Suit is invalid for anticipation or obviousness, fully and separately explain for each such basis of invalidity how a Prior Art System(s) anticipates, or Prior Art System(s) renders obvious, the claimed invention. The explanation should include an identification of how each Prior Art System(s) or combination of Prior Art Systems satisfies the limitations of each asserted claim, and for each combination of Prior Art Systems an explanation of why Defendants contend it is proper to combine the Prior Art Systems for the purposes of obviousness.

[5] Specifically, Interrogatory No. 2 asked:

> To the extent Defendants contend that any asserted claim of a Patent-in-Suit is invalid for any purported violation of 35 USC § 112, fully and separately explain the basis for this invalidity assertion, including identifying the allegedly invalidating claim language and explaining fully and completely Defendants' basis for alleging why that claim language constitutes a violation of § 112.

> The term "Prior Art" and "Prior Art System(s)" refer to the prior art and/or prior art system(s) that Defendants have identified, or identify in the future, in their Preliminary Invalidity Contentions pursuant to Patent Local Rule 3-3 or their Final Invalidity Contentions pursuant to Patent Local Rule 3-6.

Instruction 1 of these interrogatories instruct Intel/Dell to supplement its responses pursuant to Federal Rule of Civil Procedure 26:

> Defendants are required to supplement their responses to these interrogatories in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

Intel/Dell served responses to these interrogatories on April 6, 2005 and, pursuant to Federal Rule of Civil Procedure 26(e) and instruction 1, served amended and second amended responses on April 15 and July 25, 2005, respectively.

When Intel/Dell served its second amended responses on July 25, 2005, it informed MicroUnity that its responses also supplemented Intel/Dell's invalidity contentions just as MicroUnity has previously amended its infringement contentions with Intel/Dell's consent, and that MicroUnity should inform Intel/Dell if it wanted Intel/Dell to formally and separately amend its Preliminary Invalidity Contentions. See Exhibit **C** [July 25, 2005 Letter from Healey to Grinstein]. Two weeks later, MicroUnity asked Intel/Dell to do so. See Exhibit **D** [August 4, 2005 email from Grinstein to Healey]. However, when Intel/Dell contacted MicroUnity regarding an agreed order to permit Intel/Dell to amend its Preliminary Infringement Contentions pursuant to Local Patent Rule 3-7 to conform to its interrogatory responses, MicroUnity refused to do so and informed Intel/Dell that it would object at least in part to any such amendment, notwithstanding the fact that it intended to amend its Preliminary Infringement Contentions.

> We have now taken some time to investigate the invalidity contentions issue. We do not oppose Intel amending its contentions to add prior art from third parties, to the extent Intel has a basis for saying it could not have discovered that prior art with reasonable diligence earlier. We do oppose any amendment to add prior art generated by Intel itself.
>
> I should also add that we do intend to amend our infringement contentions to conform to the RTL that has been produced in discovery.

Exhibit **E** [August 25, 2005 email from Grinstein to Cherensky].[6]

The Court issued its claim construction order on August 29, 2005 and the parties met and conferred telephonically on August 31. During that conference, counsel for MicroUnity stated that it intended to serve Final Infringement Contentions based "primarily" on documents produced by Intel after MicroUnity had served its initial infringement contentions (*i.e.*, pursuant to Local Patent Rule 3-6(a)(2)) but also based upon the Court's claim construction (*i.e.*, pursuant to Local Patent Rule 3-6(a)(1)). When asked when MicroUnity intended to serve its Final Infringement Contentions, counsel for MicroUnity would say only that they would be served "soon" and "probably in stages" but would not commit to any dates. Intel/Dell therefore expects additional amendments to the infringement contentions are forthcoming. Counsel for Intel/Dell asked if MicroUnity would object to Intel/Dell serving Final Invalidity Contentions based upon MicroUnity's serving of Final Infringement Contentions, and counsel for MicroUnity confirmed that it would object as stated in its email of August 25.

---

[6] Until Intel/Dell see all of MicroUnity's Final Infringement Contentions, they cannot know if they are appropriate under the Patent Local Rules. However, MicroUnity has stated that intends to add at least one new accused Intel processor not included in MicroUnity's Preliminary Infringement Contentions. This processor, code named "Merom," is still in development and is not expected to be sold until the second half of 2006. A trial on the Merom processor would thus be premature, and Intel/Dell accordingly expect that they will object to the addition of the Merom processor to MicroUnity's Final Infringement Contentions and will object to the inclusion of the Merom processor at trial since it will not be on sale for about another year.

5

### III.

### APPLICABLE LOCAL PATENT RULES

This Court's Local Patent Rule 3-6(a) provides that:

If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced pursuant to P.R. 3-4 [documents describing the accused instrumentalities produced by the party accused of infringement after service of the initial infringement contentions] so requires, no later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).

Local Patent Rule 3-6(b) provides that:

Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement **may serve "Final Invalidity Contentions" without leave of court** that amend its "Preliminary Invalidity Contentions" with respect to the information required by P.R. 3-3 **if**:

  (1) **a party claiming patent infringement has served "Final Infringement Contentions" pursuant to P.R. 3-6(a)**, or

  (2) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

(emphasis added).

Finally, Local Patent Rule 3-7 provides that:

Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other that as expressly permitted in P.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

## IV.

## SUPPLEMENTATION OF INTEL/DELL'S INVALIDITY CONTENTIONS IS APPROPRIATE

**A.    Supplementation Is Appropriate Pursuant to Local Patent Rule 3-6(b)**

Local Patent Rule 3-6(b) unequivocally allows Intel/Dell to serve Final Invalidity Contentions without leave of court because MicroUnity has served Final Infringement Contentions. Because expert reports are now due in less than one week and MicroUnity has not yet served all of its Final Infringement Contentions nor has it stated when it will do so, and because MicroUnity has inexplicably stated that it will object to Intel/Dell serving Final Invalidity Contentions notwithstanding its own service of Final Infringement Contentions, Intel/Dell seek the Court's assistance in clarifying and resolving this matter so that the parties may proceed with expert reports and expert depositions in an orderly fashion. Local Patent Rule 3-6 is clear and unambiguous – Intel/Dell may serve Final Invalidity Contentions without leave of court, and without any restriction on the categories of prior art that may be included. Intel/Dell have proceeded in preparing expert reports in reliance on MicroUnity's representations and would be severely prejudiced if not permitted, at the eleventh hour (or later), to serve their Final Invalidity Contentions.

**B.    Alternatively, Supplementation Is Appropriate Pursuant To Local Patent Rule 3-7**

As discovery in this case has progressed, Intel/Dell's prior art searching and analyses have, naturally, been on-going.[7] As a result, Intel/Dell have recently discovered the

---

[7] Indeed, that searching is still on-going. Intel/Dell are still waiting for prior art discovery from, among other third-parties, AMD and Freescale (formerly the semiconductor business unit of Motorola). MicroUnity resisted the discovery sought by Intel/Dell from AMD. As additional third-party prior art is produced and reviewed, it may be necessary to further amend Intel/Dell's invalidity contentions.

importance of additional prior art references, including certain features of processors developed by Intel prior to MicroUnity's alleged conception dates.[8] These Intel processors are referred to herein as the "i860 and N15 processors." These references show that Intel developed what MicroUnity claims to have invented long before even MicroUnity's alleged conception dates.

The importance of the i860 and N15 processor was highlighted during the deposition of Craig Hansen (a named inventor) on July 20 and 21, 2005, where he admitted to having known about the i860 processor prior to his work at MicroUnity. See Exhibit **G** at 369:9-370:2. The i860 and N15 processors have become even more important in light of the testimony of Dr. Alexia Massalin (a named inventor) on July 26, 2005. Dr. Massalin admitted that group floating point operations were obvious in light of group integer operations, which were included in the i860 processor. See Exhibit **H** at 179:13-180:10. Finally, Dr. John Moussouris (a named inventor) admitted at his August 10, 2005 deposition that once the concept of group operations are known, and the concept of floating point operations are known, computer aided design software available at the time of the inventions could have been used to create a microprocessor with the group floating point operations claimed by MicroUnity. See Exhibit **I** at 490:23-491:3. This deposition testimony taken in July and August after the claim construction briefing and hearing shows that the i860 and N15 processors may very well be the most critical pieces of prior art in this case.[9] Prior to this testimony, Intel could not have known how critical this

---

[8] MicroUnity disclosed its contentions regarding the conception dates for the asserted claims for the first time in its May 6, 2005 responses to Intel/Dell's first set of interrogatories. See Exhibit **F** [MicroUnity's Responses and Objections to Intel/Dell's First Set of Interrogatories].

[9] Since MicroUnity has only three fact witnesses on its technology, Mr. Hansen, its chief architect, Dr. Massalin, its chief software programmer, and Dr. Moussouris, its founder and CEO, Intel waited until after the claim construction process was concluded to take their depositions so it could have the benefit of the parties' positions on claim construction in doing so.

evidence would be at trial nor that it MicroUnity's inventors knew about and admitted that their inventions are in effect obvious in light of the i860 processor's group operations. The N15 was a proposed successor to the i860 processor that proves what MicroUnity's witnesses admit: group floating point operations are an obvious extension to group integer operations and a natural next step. While it is true that the i860 is cited in the file history of the '765, '356, and '482 patents, and is an Intel product from the 1980s, its importance and that of the N15 was not fully recognized until these MicroUnity depositions.

MicroUnity recognizes, at least in part, the on-going nature of Intel/Dell's prior art searching and analyses, and does not oppose Intel/Dell's request for leave to supplement its invalidity contentions to add prior art from third parties that it could not have discovered with reasonable diligence earlier. However, MicroUnity opposes Intel/Dell's request for leave to amend their invalidity contentions to include any prior art developed by Intel. See Exhibit **E** [August 25, 2005 email from Grinstein to Cherensky].

Local Patent Rule 3-7 allows a party to modify its invalidity contentions upon a showing of good cause. The Court has wide discretion to allow Intel/Dell to amend their disclosures to avoid prejudice to the parties. See Amersham Pharmacia BioTech, Inc. v. The Perkin Elmer Corp., 190 F.R.D. 644, 647-48 (N.D. Cal. 2000) (applying the predecessor rule to Local Patent Rule 3-7 and finding that because the "provision for amendment accommodates the reality that identifying prior art is an inexact process . . . [and] a daunting task, . . . [r]ealistically, the party defending against an infringement claim may have to supplement his initial disclosures of prior art, and amend the required response chart, if his investigation is to unearth all potential prior art"). Leave to amend is appropriate here because the i860 and N15 processors are highly relevant to Intel/Dell's invalidity defenses, and there will be no prejudice to MicroUnity, who

9

has known of Intel/Dell's intention to rely on the i860 and N15 processors for many months – well in advance of the close of fact discovery, expert reports, and trial.

### 1. Intel Would Face Extreme Prejudice If the i860 and N15 Processors Were Excluded[10]

The information Intel/Dell seek to include is highly relevant to their invalidity defenses because it will establish that engineers at Intel made the inventions claimed in the microprocessor patents in suit prior to the dates MicroUnity claims to have invented the subject matter disclosed in these patents. Specifically, certain features of the architecture of Intel's i860 XR and XP processors (code named N10 and N11) and of a future version of the i860 processor (code named N15) show that Intel was practicing the subject matter claimed in MicroUnity's patents before MicroUnity's earliest alleged conception date.[11] Excluding this evidence from trial will no doubt deprive the jury of relevant evidence. Amersham, 190 F.R.D. at 649.

In particular, prior to MicroUnity's asserted conception dates, the i860 instruction set included "group operations," and the instruction set Intel developed for the N15 processor (a future version of the i860) included "group floating point operations." This extension of group operations to group floating point operations is what MicroUnity is arguing entitles it to many of its patent claims. This was made clear in the recent depositions of Mr. Hansen and Dr. Moussouris on July 20-21 and August 8-9, 2005, respectively.

---

[10] Intel/Dell's Final Invalidity Contentions will include some additional third-party prior art and combinations, but because the thrust of Intel/Dell's amendments and the focus of MicroUnity's objection are the Intel i860 and N15, this brief focuses on those processors.

[11] MicroUnity has not accused any version of Intel's i860 or N15 processors of infringement.

### 2. There Will Be No Prejudice To MicroUnity

In addition to being highly relevant to Intel/Dell's invalidity case, allowing Intel/Dell to amend their invalidity contentions to include the i860 and N15 processors will not prejudice MicroUnity in any way.

Intel produced documents relating to the i860 and N15 processors early in the case. Ideally, Intel/Dell would have recognized the significance of these prior art processors at that time, but the fact that the MicroUnity claims were allowed over the i860 diminished the importance of this prior art in this case until Intel took the depositions of the MicroUnity technical witnesses. Further, given Intel's production of over two million pages of documents and the 100 patent claims at issue in this case, neither Intel nor Dell fully recognized at the time the relevance of these technically complex documents to the patent claims asserted by MicroUnity. Only very recently, through depositions and other discovery, have Intel/Dell discovered the importance of these 15-year-old systems. In addition to the MicroUnity depositions discussed above, Intel just located and interviewed its former employee, Les Kohn, who was the chief designer of these products (who had not responded to inquiries before late August). Like Mr. Kohn, who left Intel in 1989, many of the key individuals involved in developing these processors are no longer at Intel. The further relevance of the i860 and N15 processors to this case was also made clear during MicroUnity's deposition of Intel witnesses in Israel in late July, and through additional conversations with those witnesses. MicroUnity questioned those witnesses regarding i860 and N15 at those depositions. See Exhibit **J** at 16:7-17:17; 42:5-43:15; 43:25-44:9; 56:17-19; 60:12-62:11; Exhibit **K** at 8:23-9:10; 12:10-15:7.

After recognizing the importance of the i860 and N15 processors to the asserted claims, after MicroUnity's Mr. Hansen and Dr. Massalin admitted their importance, and the fact that Intel developed the claimed technology prior to MicroUnity's alleged conception dates,

Intel/Dell promptly disclosed their invalidity contentions relating to these processors, including detailed claim charts and their intention to rely on Intel's prior development under § 102(g), in an amended interrogatory response in July 2005.  As a result, there can be no dispute that MicroUnity has known of Intel/Dell's intention to rely on the i860 and N15 processors well in advance of the close of fact discovery, expert reports, and the scheduled trial.  This is particularly clear from a July 2005 email from counsel for MicroUnity requesting copies of certain documents relating to the N15 processor.  See Exhibit **L** [August 16, 2005 email from Heim to Healey].  As these documents had already been produced prior to that date, counsel for Intel immediately provided the relevant production numbers.  In fact, as recently as last week, MicroUnity requested that Intel/Dell redesignate "all documents that Intel has identified (or intends to rely upon) as prior art as "confidential" instead of "attorneys' eyes only" information.  See Exhibit **M** [August 29, 2005 email from Grinstein to Cherensky].  Intel agreed to do so, **including the i860 and N15 documents.**

       Also just last week, MicroUnity noticed the depositions of three current and former Intel employees who worked on the i860 and N15 processors and noticed a deposition pursuant to Rule 30(b)(6) regarding the N15 processor.  See Exhibit **N** [i860 and N15 deposition notices served on September 1, 2005].  Curiously, MicroUnity requested the deposition of Les Kohn (chief architect of the i860 and N15 processors) on July 28, 2005, but when Intel finally was able to obtain cooperation from Mr. Kohn and made him available for deposition, MicroUnity changed its mind and declined to take Mr. Kohn's deposition.  See Exhibit **O** [Email from Heim to Cherensky dated August 25, 2005].  Intel has informed MicroUnity that it intends to depose Mr. Kohn on September 9.

Having served Intel/Dell with invalidity interrogatory requests after Intel/Dell served its Preliminary Invalidity Contentions, and imposed upon Intel/Dell the obligation to respond to supplement those interrogatories, it would be manifestly unfair and even bizarre if MicroUnity could, as it now claims it can, deprive Intel/Dell of the opportunity to conform its Local Patent Rule invalidity contentions to its interrogatory responses.

In any event, facts relating to the i860 and N15 processors will be at issue at trial as corroboration of the obviousness of MicroUnity's patent claims, as a defense to MicroUnity's willful infringement allegations against Intel, and as evidence of the near-simultaneous (in this case, prior) development of the alleged invention by another, which is a secondary consideration supporting Intel/Dell's defense that the subject matter disclosed in MicroUnity's patents would have been obvious to one of ordinary skill in the art. Evidence regarding the i860 and N15 will be admissible at trial regardless of whether Intel/Dell are permitted to serve Final Invalidity Contentions, thus there is no reduction in trial time to be gained by not permitting Intel/Dell to serve its Final Invalidity Contentions.

**V.**

**<u>CONCLUSION</u>**

For the foregoing reasons, Intel/Dell respectfully move for leave to amend their invalidity contentions pursuant to Local Patent Rule 3-6(b) and/or 3-7.

Dated: September 6, 2005                     Respectfully submitted,

/s/David J. Healey
David J. Healey
Attorney-In-Charge
State Bar No. 09327980
WEIL GOTSHAL & MANGES, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
713-546-5000 (Telephone)
713-224-9511 (Facsimile)
david.healey@weil.com


Matthew D. Powers
Steven S. Cherensky
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3000 (Telephone)
650-802-3100 (Facsimile)

ATTORNEYS FOR DEFENDANTS
DELL INC. AND INTEL CORPORATION

## CERTIFICATE OF CONFERENCE

Counsel for Intel Corporation has conferred in good-faith with counsel for MicroUnity Systems Engineering, Inc. to resolve this matter without Court intervention and counsel for MicroUnity Systems Engineering, Inc. is opposed to the relief requested in this Motion

/s/David J. Healey________________

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 6th day of September, 2005, on the following by E-filing and email:

**Microunity Systems Engineering, Inc.**
Stephen D. Susman
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

Franklin Jones, Jr.
JONES & JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas  75671-1249

Michael F. Heim
Conley, Rose, P.C.
1600 Travis Street, Suite 7100
Houston, Texas 77002

Otis W. Carroll
IRELAND, CARROLL & KELLEY, PC
6101 South Broadway, Suire 500
P.O. Box 7879
Tyler, Texas  75711

S. Calvin Capshaw
BROWN MCCARROLL LLP
1127 Judson Rd., Suite 220
P.O. Box 3999
Longview, Texas 75601-5157


By:  _\s\_ Matthew Corwin___
        Matthew Corwin

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MICROUNITY SYSTEMS ENGINEERING, INC.,**<br><br>　　　　　**Plaintiff,**<br><br>vs.<br><br>**DELL, INC. AND INTEL CORPORATION,**<br>　　　　　**Defendants.** | Civil Action No. 2-04CV120-TJW |

**ORDER GRANTING INTEL AND DELL'S MOTION FOR LEAVE TO SERVE FINAL INVALIDITY CONTENTIONS PURSUANT TO LOCAL PATENT RULE 3-6(b) OR 3-7**

The Court, after reviewing Intel and Dell's Motion for Leave to Serve Final Invalidity Contentions Pursuant to Local Patent Rule 3-6(b) or 3-7, the parties' responsive pleadings, and the applicable law, is of the opinion that the motion should be **GRANTED.**

Accordingly, the Court **ORDERS** that Intel and Dell's Motion for Leave to Serve Final Invalidity Contentions is granted.

　　**IT IS SO ORDERED.**


**SIGNED**, this _____ day of _____, 2005.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HON. T. JOHN WARD, U.S.D.J.