IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |  |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2-04CV120-TJW |
| v. | ) ) | |
| DELL, INC. AND INTEL CORPORATION, | ) ) | |
| Defendants. | ) | |

## INTEL AND DELL'S AMENDED MOTION TO RECONSIDER STAY OF LITIGATION PENDING REEXAMINATION

Intel Corporation and Dell, Inc. (collectively, "Intel/Dell") respectfully move, in light of recent actions of the United States Patent and Trademark Office (the "Patent Office"), for reconsideration of this Court's August 15, 2005 Order (the "Order") (Exhibit **A**) denying a stay of this litigation pending the outcome of the Patent Office's reexaminations of all eight of MicroUnity's patents-in-suit. This motion is based on recent developments which address some of the concerns identified by the Court's Order.

Specifically, the Order stated that as of July 22, 2005, the Patent Office had not yet agreed to reexamine two of the patents-in-suit (U.S. Patent Nos. 5,630,096 [the "'096 Patent"] and 6,725,356 [the "'356 Patent"]). However, the Patent Office has since granted Intel and Dell's request for *ex parte* reexamination of the '096 Patent.[1] Thereafter, the parties agreed to dismiss the '096 Patent from this case without prejudice and with a covenant by MicroUnity not to sue Intel or Dell (or their customers or users) for infringement of the '096 Patent based

---

[1] The request was granted on August 1, 2005 (Exhibit **B** [*Ex Parte* Reexamination Order of the '096 Patent]).

upon released products on which MicroUnity has had discovery.[2]  *See* Exhibit **C** [September 9, 2005 E-mail from Abele to Stephens].  This left one remaining MicroUnity patent-in-suit which the Patent Office had not yet granted a request for re-examination.  This has now changed.

On September 8, 2005, the Patent Office granted Intel and Dell's request for *inter partes* reexamination of the '356 Patent. (Exhibit **D** [*Inter Partes* Reexamination Order and Office Action of the '356 Patent]).  Thus, the Patent Office has now ordered reexamination of every single patent asserted by MicroUnity against Intel and Dell in this litigation.[3]  All of the asserted claims-in-suit are thus subject to reexamination and most of the remaining asserted claims (and all claims that have been considered by the Patent Office on the merits) have been rejected.  The Patent Office's actions are significant because the validity of each of the patents-in-suit has been called into question based on a finding by the Patent Office that there is a substantial question of patentability for each patent-in-suit.  Intel anticipates that the Patent Office will likely invalidate or substantially modify the claims at issue.

In light of the Patent Office's findings, Intel and Dell believe that a stay of this litigation is appropriate for the following reasons.

1.  <u>Judicial economy</u>:  A stay will likely simplify the issues in this case (by eliminating claims and/or certain prior art references) and allow the Court and parties to avoid

---

[2] The parties expect to submit formal dismissal papers to the Court shortly.

[3] The Patent Office has rejected all of the asserted claims in the '765 and '356 Patents on multiple grounds, and it confirmed that the '765 and '356 Patents may not claim priority to U.S. Pat. No. 5,742,840 (the "'840 Patent").  *See* Exhibit **B** [*Ex Parte* Reexamination Order for the '096 Patent]; Exhibit **D** [*Inter Partes* Reexamination Order and Office Action of the '356 Patent]; Exhibit **E** [*Inter Partes* Reexamination Order and Office Action of U.S. Patent No. 6,643,765]; Exhibit **F** [*Ex Parte* Reexamination Order of the '840 Patent]; Exhibit **G** [*Ex Parte* Reexamination Order of U.S. Patent No. 5,794,060]; Exhibit **H** [*Ex Parte* Reexamination Order of U.S. Patent No. 5,794,061]; Exhibit **I** [*Ex Parte* Reexamination Order of U.S. Patent No. 5,809,321]; Exhibit **J** [*Ex Parte* Reexamination Order of U.S. Patent No. 6,484,482].

unnecessary or duplicative efforts (by not trying claims that are likely to change or be invalidated).

      2.     <u>Interests of justice</u>:  There is a public interest in not enforcing invalid patents and the reexamination process was established for exactly this reason.  *See Lear, Inc. v. Adkins*, 395 U.S. 653, 663-64 (1969) ("It is as important to the public that competition should not be repressed by worthless patents, as that the patentee of a really valuable invention should be protected in his monopoly.") (internal quotations omitted); *Quantum Corp. v. Rodime*, 65 F.3d 1577, 1584 (Fed. Cir. 1995) ("The purpose of the reexamination process is to provide a mechanism for reaffirming or correcting the PTO's action in issuing a patent by reexamining patents thought to be of doubtful validity.").

      3.     <u>No prejudice</u>:  MicroUnity will not suffer any prejudice by having the validity of its patents reexamined by the Patent Office, the body that originally issued the patents, which has now determined that there is a substantial new question of validity with respect to **all** of the patents at issue.  MicroUnity does not make or sell any products so a delay does not present a threat to their business and thus it can be fully compensated by money damages in the unlikely event that it prevails on any surviving patent claims.  *See e.g.*, *Gioello Enters. Ltd. v. Mattel, Inc.*, 2001 WL 125340, *2 (finding no prejudice in staying litigation pending reexamination where patent owner was not making or selling goods related to the patent).  If any patent claims remain that are viable following the Patent Office's reexaminations, MicroUnity's litigation can simply resume at that time.  The discovery conducted to date will not need to be repeated.

      4.     <u>There has been no undue delay</u>:  Intel/Dell have not delayed seeking re-examination.  The Court's August 15, 2005 Order stated that Intel/Dell's delay from January or early February until mid-April (when the first request for reexamination was filed) was a factor

in denying the request for a stay. Intel/Dell respectfully would like to clarify that they have not unreasonably delayed filing the requests for reexamination. As the Declaration of David L. McCombs, filed and served herewith, evidences, filing requests for reexamination for all patents-in-suit was a very time consuming task that involved almost thirteen hundred attorney hours. *See* Exhibit **K** [Declaration of David L. McCombs]. Further, the reexamination submissions to the Patent Office constituted approximately 16 boxes of prior art documents. *See id*. Considering the number of claims asserted by MicroUnity, the simultaneous activity in the litigation (including production of large volumes of documents, presenting numerous witnesses for deposition, and claim construction briefing) and the magnitude of the time and effort expended on the requests for reexamination, a few months was not unduly long to prepare the eight reexamination requests.

Indeed, it is MicroUnity that is delaying the reexamination process so that its responses to the Patent Office, and further Patent Office actions, will be unavailable to Intel and Dell – and to the Court and the jury – until after trial. MicroUnity has now filed its third request for an extension of time to respond to the '765 Office Action, seeking thirty more days in addition to the sixty additional days already granted MicroUnity by the Patent Office to respond. *See* Exhibit **L** [MicroUnity's Third Request for a Stay].

Under the circumstances, and in particular because the Patent Office has now ordered reexamination of all of the patents-in-suit and rejected all of the claims of the two patents subject to *inter partes* reexamination, a stay of this matter is appropriate at this time.

## **CONCLUSION**

For the foregoing reasons, Intel/Dell respectfully move for reconsideration of this Court's order denying an immediate stay of this litigation pending the outcome of the Patent Office's reexaminations of MicroUnity's patents.

Dated: September 18, 2005                    Respectfully submitted,


/s/ David J. Healey
David J. Healey
Attorney-In-Charge
State Bar No. 09327980
WEIL GOTSHAL & MANGES, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
713-546-5000 (Telephone)
713-224-9511 (Facsimile)
david.healey@weil.com


Matthew D. Powers
Steven S. Cherensky
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3000 (Telephone)
650-802-3100 (Facsimile)

ATTORNEYS FOR DEFENDANTS
DELL INC. AND INTEL CORPORATION

**CERTIFICATE OF CONFERENCE**

        Counsel for Defendants conferred with counsel for Plaintiff on September 16, 2005, and counsel for Plaintiff is opposed to the disposition of the matter raised in this amended motion.

        /s/ David J. Healey
        David J. Healey

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 18th day of September, 2005, on the following by E-filing and E-mail:

**Microunity Systems Engineering, Inc.**
Stephen D. Susman
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

Franklin Jones, Jr.
JONES & JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas  75671-1249

Michael F. Heim
Conley, Rose, P.C.
1600 Travis Street, Suite 7100
Houston, Texas 77002

Otis W. Carroll
IRELAND, CARROLL & KELLEY, PC
6101 South Broadway, Suire 500
P.O. Box 7879
Tyler, Texas  75711

S. Calvin Capshaw
BROWN MCCARROLL LLP
1127 Judson Rd., Suite 220
P.O. Box 3999
Longview, Texas 75601-5157

By:  \s\ Matthew Corwin
     Matthew Corwin